UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN ERHARD,

    Plaintiff,

v.                                                  Case No. 8:18-cv-02413-T-02TGW

CITY OF BROOKSVILLE, FLORIDA,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon the Defendant's motion to dismiss (Dkt. 15) the second amended complaint (Dkt. 14). The Court held a hearing on the matter and grants the motion as stated below.

Count I attempts to allege that Defendant City of Brooksville, Florida ("the City") fired Plaintiff as a reserve firefighter due to his age, and then would not rehire him to a new position because of his age. This Count is brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a). Counts II and III assert breach of contract and negligent misrepresentation under Florida common law, respectively.

The gravamen of Counts II and III is that 14 years ago the City changed the firefighter pension calculus, and Plaintiff was unaware. Essentially, Plaintiff wants

the City to honor its 2001 promise to Plaintiff about his pension and to, in effect, account for and recalculate the pension.

Counts II and III are not jurisdictionally pendant to Count I. For a federal court to possess jurisdiction over state law claims, "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). As noted by the Eleventh Circuit, 28 U.S.C. § 1367 codifies this concept of pendant jurisdiction:

> *Gibbs* divided the analysis into two sections: the power of a federal court to exercise pendent claim jurisdiction, and its discretion not to do so despite having the power. . . . Under section 1367(a), unless section 1367(b) or (c) applies, the district court "*shall have*" supplemental jurisdiction over both additional claims and additional parties when those claims "are so related to claims in the action within [the] original jurisdiction [of the court] that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367(c), however, allows a federal court to exercise some discretion in refusing to hear a case otherwise within its supplemental jurisdiction.

*Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1563 (11th Cir. 1994) (citations omitted) (emphasis and alterations in original). "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett v. First Nat'l Bank of Gainesville,* 117 F.3d 1342, 1353 (11th Cir. 1997). "It is a bedrock principle that '[n]eedless decisions of state law should be avoided both as

a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 540 (11th Cir. 2015) (quoting *Gibbs*). Here, the Court need not elect to decline jurisdiction because the state court claims are not so related to the ADEA claim that they form the same case or controversy.

Count II alleges an oral contract between the parties in 2001 and breached by the City in 2005, which breach the Plaintiff was unaware of until 2016. This 2005 contract breach involved calculation of time that affected how much pension-vesting Plaintiff had. Dkt. 14 at 5-6. Count III asserts basically the same set of facts in a "negligent misrepresentation" cause of action.

Neither Count II nor Count III sound in federal subject matter jurisdiction or bring federal causes of action. There is no diversity of citizenship between the parties. The contract allegedly formed in 2001 and breached four years later does not arise out of the same common nucleus of fact as Count I, which claims an age-based firing and failure to rehire in 2015 and 2016 in violation of the ADEA. A key defense to this alleged contract breach, as asserted by the City, is the City Code's statement that the City Council may amend the Firefighters Retirement Trust Fund at any time. *See* Dkt. 15 at 7-8. This is disputed. Dkt. 20 at 8. But how this City Code impacts the breach of contract claim from 2001-2005 is entirely a state law

3

issue, between City residents and the City. There is no federal interest or federal cause of action involved.

Alternatively, Plaintiff contends that the promises the City made in 2001 relating to the pension form a "quasi-contract." Dkt. 20 at 8. This inchoate claim is again without any federal interest or cause of action. It does not arise from the common nucleus of operative fact or is so related as to constitute the same case or controversy as Count I, Plaintiff's firing over ten years later, allegedly due to his age.

The Court dismisses Count I because it, unclearly, appears to state both a cause of action for age-based firing and also for age-based failure to rehire. The Count appears to bring an ADEA claim with the assertion the firing was to save City expenses. This pleading tends to run afoul of the teaching of *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). If Plaintiff intended to assert that the cost-cutting was a subterfuge or mask for actual age discrimination, this must be plainly pleaded, and is not.

Count I is dismissed but may be repleaded. The Court suggests two counts might be repleaded: (1) Termination in violation of the ADEA; and (2) Failure to (re)hire in violation of the ADEA. Counsel is cautioned that any repleading of the ADEA counts must be cognizant of the lessons in *Hazen Paper Co. v. Biggins* and its progeny.

Counts II and III are common law counts, state law creatures. They are not pendant to the 2015-2016 ADEA causes of action and may not be repleaded in federal court. Plaintiff may proceed in state court where these claims belong. Whatever statute of limitations defenses that Plaintiff may face in state court on the causes of action have not been exacerbated or created by this short federal court proceeding here.

The Court grants the motion to dismiss (Dkt. 15). Plaintiff may replead within thirty days of the Court's oral order on March 7, 2019.

**DONE AND ORDERED** at Tampa, Florida, on March 15, 2019.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record